UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

```
_____
                               )
SECURITIES AND EXCHANGE COMMISSION,)
                               )
        Plaintiff,             )
                               )
     v.                        )   C.A. No. 09-100 S
                               )
LOCKE CAPITAL MANAGEMENT, INC. and )
LEILA C. JENKINS,              )
        Defendants.            )
_____)
```

**FINAL JUDGMENT AS TO
DEFENDANT LEILA C. JENKINS**

After having considered the Commission's motion for summary judgment, all the pleadings and evidence submitted in support thereof, and having granted the Commission's motion in the Court's Opinion and Order also dated this day, June 30, 2011, the Court enters this Final Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Jenkins and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or

communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Jenkins and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are is permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme or artifice to defraud;

(b) to make an untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Jenkins and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are is permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)] by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to: (a) employ any device, scheme, or artifice to defraud any client or prospective client; or (b) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

**IV.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Jenkins and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are is permanently restrained and enjoined from violating Section 207 of the Advisers Act [15 U.S.C. § 80b-7] by willfully:

- (a) making an untrue statement of a material fact in a registration application or report filed with the Commission under Section 203 of the Advisers Act [15 U.S.C. § 80b-3] or Section 204 of the Advisers Act [15 U.S.C. § 80b-4]; or

- (b) omitting to state in any such application or report any material fact which is required to be stated therein.

**V.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Jenkins and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are is permanently restrained and enjoined from aiding and abetting violations of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-1(a)(5) thereunder [17

C.F.R. § 206(4)-1(a)(5)] by knowingly providing substantial assistance, directly or indirectly, to any registered investment adviser in publishing, circulating, or distributing any advertisement that contains an untrue statement of a material fact or which is otherwise false or misleading.

**VI.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Jenkins and her agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are is permanently restrained and enjoined from aiding and abetting violations of Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rules 204-2(a)(6), 204-2(a)(8), 204-2(a)(10), 204-2(a)(15), and 204-2(a)(16) thereunder [17 C.F.R. § § 275.204-2(a)(6), 204-2(a)(8), 204-2(a)(10), 204-2(a)(15), 204-2(a)(16)] by knowingly providing substantial assistance, directly or indirectly, to any registered investment adviser in failing to make and keep true, accurate, and current books and records, including without limitation:

(a) accurate trial balances and financial statements;

(b) a list or other record of all accounts for which the adviser has discretionary authority with respect to any funds, securities, or transactions of any client;

(c) originals or copies of all written agreements between the adviser and any client;

(d) if the adviser pays a cash fee for solicitation activities, all written acknowledgements of receipt obtained from any client pursuant to Rule 206(4)-3(a)(2)(iii)(B) [17 C.F.R. § 275.206(4)-3(a)(2)(iii)(B)] and copies of all disclosure documents delivered to clients by solicitors pursuant to Rule 206(4)-3 [17 C.F.R. § 275.206(4)-3]; and

(e) all accounts, books, internal working papers, and any other records or documents that are necessary to form the basis for or demonstrate the calculation of the performance or rate of return of any or all managed accounts or securities recommendations of the adviser in any notice, circular, advertisement, newspaper article, investment article, investment letter, bulletin or other communication that the adviser circulates or distributes, directly or indirectly, to ten or more persons (other than persons connected with Jenkins); provided, however, that with respect to the performance of managed accounts, the retention of all

6

account statements, if they reflect debits, credits, and other transactions in a client's account for the period of the statement, and all worksheets necessary to demonstrate the calculation of the performance or rate of return of all managed accounts shall be deemed to satisfy this requirement.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. §80b-9(e)], Jenkins shall pay disgorgement of $1,781,520, representing profits gained as a result of the conduct alleged in the Complaint, plus pre-judgment interest in the amount of $110,956, for a total disgorgement amount of $1,892,476. Jenkins and her co-defendant in this matter, Locke Capital Management, Inc., are jointly and severally liable for disgorgement in this amount. Moreover, pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. §80b-9(e)], Jenkins shall pay a civil penalty in the amount of $1,781,520. Jenkins shall make these payments within fourteen (14) days after entry of this Final Judgment. The payments shall be made by certified

check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, VA 22312, and shall be accompanied by a letter identifying Jenkins as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. Jenkins shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over Jenkins as a party to this matter for all purposes, including the implementation and enforcement of this Final Judgment.

**IX.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that, there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED:

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: June 30, 2011